NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO GARCIA VARELA, | No. 16-71906 |
| Petitioner, | Agency No. A205-711-959 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019**

Before: THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Eduardo Garcia Varela, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing Garcia Varela's

appeal from an immigration judge's ("IJ") decision denying Garcia Varela's

application for cancellation of removal, asylum, withholding of removal, and relief

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8

U.S.C. § 1252(a)(1), and we deny in part and dismiss in part the petition.

We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163,

1166 (9th Cir. 2008), and we review for substantial evidence the agency's factual

findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).

We lack jurisdiction to review the agency's discretionary determination that

Garcia Varela failed to show exceptional and extremely unusual hardship to a

qualifying relative.  *See* 8 U.S.C. § 1252(a)(2)(B)(i); *see also Arteaga De Alvarez

v. Holder*, 704 F.3d 730, 736 (9th Cir. 2012) (court lacks jurisdiction to review

merits of hardship determination and only retains jurisdiction over constitutional

claims that have "some possible validity" (citation omitted)).  To the extent Garcia

Varela raises due process contentions as to the denial of cancellation of removal,

we reject his contentions.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)

(requiring error to prevail on a due process claim); *see also Mendez-Castro v.

Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009) (the agency applies the correct legal

standard where it expressly cites and applies relevant case law in rendering its

decision).  In light of this disposition, we need not reach Garcia Varela's remaining

contentions regarding the agency's discretionary denial of cancellation of removal.

The BIA did not err in finding that Garcia Varela did not establish

membership in a cognizable social group.  *See Reyes v. Lynch*, 842 F.3d 1125,

2                                                          16-71906

1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Barbosa v. Barr*, 919 F.3d 1169, 1175 (9th Cir. 2019) (applying case law in which similar social groups were proposed and finding that individuals returning to Mexico from the United States who are believed to be wealthy does not constitute a particular social group). Thus, Garcia Varela's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Garcia Varela failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033-35 (9th Cir. 2014) (concluding that petitioner did not establish the necessary "state action" for CAT relief).

**PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.**